UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : Chapter 11
: Case No. 05-26563T
READING BROADCASTING, INC., :
:
DEBTOR. :
:

ORDER APPOINTING CHAPTER 11 TRUSTEE

AND NOW, on this 13th day of January 2006, at 4:20 P.M., upon consideration of the Cross-Motion of HLM Communications, LLC (Dkt. No. 28) for the appointment of a Chapter 11 Trustee, which cross-motion was joined by Philadelphia Television Network, Inc. (Dkt. No. 77) and supported by Telemundo Network Group, LLC (Dkt. No. 79), the Debtor's Response thereto (Dkt. No. 81) and all pleadings filed in connection therewith; and the Court having conducted an evidentiary hearing after adequate notice of such hearing was provided to all parties in interest, it is hereby:

ORDERED that, clear and convincing evidence of cause exists for this Court to Order the Appointment of a Chapter 11 Trustee pursuant to 11 U.S.C §1104(a)(2);

ORDERED that the United States Trustee shall appoint a Chapter 11 Trustee forthwith;

ORDERED that, the Chapter 11 Trustee shall

(a) be deemed in possession of and be accountable for all property of the estate;

1

(b) furnish such information concerning the estate and the estate's administration as is reasonably requested by any party in interest;

(c) file with the Court and with the United States Trustee the Debtor's Monthly Operating Reports;

(d) investigate the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's business and any other matter relevant to the case or the formulation of a plan;

(e) as soon as practicable, file a plan of reorganization under section 1121 of Chapter 11 of the United States Code, or file a Report with the Court setting forth the reasons why the Chapter 11 Trustee has elected not file a plan;

(f) oversee and control in all respects the financial affairs of the Debtor, including, but not limited to: (i) the use and expenditure of estate assets, whether inside or outside the ordinary course of business, and ongoing payments to insiders, if any, (ii) the creation of and compliance with budgets for the Debtor, (iii) the negotiation of the use of cash collateral with the Debtor's creditors, (iv) the negotiation of post-petition financing, and (v) the allowance and disallowance of claims against the estate, including, without limitation, the claims of Philadelphia Television Network, Inc., HLM Communications, LLC, and Telemundo Network Group, LLC, and (vi) the conversion of WTVE to digital format utlilizing DTS technology or other technology which will insure such conversion by July 1, 2006 (or any extended deadline authorized by the FCC) in a manner superior to DTS;

(g) evaluate the employment needs of the Debtor and, where appropriate, determine whether individuals or entities are providing "professional" services to the Debtor within the meaning of 11 U.S.C. § 327 and, in such cases, (i) determine whether the services of such professionals are necessary and in the best interests of the estate, (ii) determine whether to terminate those professionals or other individuals (other than Micheal L. Parker, Sr.) whose services are alleged by the Chapter 11 Trustee to be duplicative or otherwise not in the best interest of the estate, and (iii) require all such professionals that have not yet done so to file an appropriate application for retention;

(h) investigate and prosecute, if appropriate, any and all estate causes of action against insiders or third parties, including, without limitation, any causes of action arising under 11 U.S.C. § § 547-549.

IT IS FURTHER ORDERED that Micheal L. Parker, Sr. ("Mr. Parker") may continue to serve in an operational role but shall serve under the direction of the Chapter 11 Trustee at a rate of compensation to be negotiated with the Chapter 11 Trustee. Mr. Parker shall report on a regular and timely basis to the Chapter 11 Trustee in a manner directed by the Chapter 11 Trustee and shall otherwise cooperate completely with the Chapter 11 Trustee; provided, however, that Mr. Parker shall have no further involvement in any matter reserved by the terms of this Order to the Chapter 11 Trustee. The Chapter 11 Trustee may request termination of Mr. Parker's services by providing five (5) business days Notice of Termination to Mr. Parker, Debtor and all other interested parties. Debtor or any other interested party may

thereafter file any request for hearing on said Notice of Termination within three (3) business days following receipt of said Notice.

IT IS FURTHER ORDERED that in the event of any dispute between the Chapter 11 Trustee and the Debtor as to the holder of any power, duty, or responsibility, such power, duty, or responsibility shall be deemed to be held by the Chapter 11 Trustee unless and until otherwise ordered by this Court.

BY THE COURT:

_____
Honorable Thomas M. Twardowski,
United States Bankruptcy Judge